FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN - 3 2008

CENTRAL DISTRICT OF CALIFORNIA
BY  *m r*                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

DARYL ARMSTEAD,

        Petitioner,

  v.

S. WRIGHT, et al.,

        Respondent.

No.  CV 07-2246-CJC (AGR)

ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND
RECOMMENDATION

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation, and all records in the file.  Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

IT IS ORDERED that Defendant's motion to dismiss the Second Amended Complaint is denied.

DATED: *May 30, 2008*

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DARYL ARMSTEAD,                              NO. CV 07-2246-CJC (AGR)

        Plaintiff,

        v.

                                             REPORT AND
S. WRIGHT, et al.,                           RECOMMENDATION OF UNITED
                                             STATES MAGISTRATE JUDGE
        Defendants.

        The Court submits this Report and Recommendation to the Honorable
Cormac J. Carney, United States District Judge, pursuant to 28 U.S.C. § 636 and
General Order No. 05-07 of the United States District Court for the Central District
of California.  For the reasons set forth below, the Magistrate Judge recommends
that the motion to dismiss the Second Amended Complaint be denied.

///

///

///

///

///

## I.

## SUMMARY OF PROCEEDINGS

On April 4, 2007, Plaintiff, who is incarcerated at Chuckawalla Valley State Penitentiary, filed a complaint pursuant to 42 U.S.C. § 1983.  On July 11, 2007, Plaintiff filed a First Amended Complaint.  On January 8, 2008, in response to a defense motion, the Court dismissed the complaint with leave to amend.  On January 25, 2008, Plaintiff filed a Second Amended Complaint ("SAC") in which he stated a retaliation claim.  On February 25, 2008, Defendants filed a motion to dismiss ("MTD").  On March 20, 2008, Plaintiff filed an opposition.  On April 8, 2008, Defendants filed a reply.

The matter is now under submission.

## II.

## ALLEGATIONS IN SECOND AMENDED COMPLAINT

Plaintiff names Defendants Moti Raghunath, Correctional Food Manager; and Curtis Wells, Assistant Food Manager.  Both are sued in their individual capacities.

The prison served Plaintiff and other inmates refried beans containing lard, a pork derivative.  On January 22, 2006, Plaintiff submitted a grievance to prison authorities regarding the refried beans alleging a violation of his First Amendment rights to practice religion.  On or shortly before February 16, 2006, Raghunath and Wells retaliated against Plaintiff for filing the grievance by removing two food items normally offered as alternate entrees.

Plaintiff seeks unspecified compensatory and punitive damages.

## III.

## STANDARD OF REVIEW

"To state a claim for relief under section 1983, [a plaintiff] must plead two essential elements: 1) that the Defendants acted under color of state law; and 2) that the Defendants caused [the plaintiff] to be deprived of a right secured by the

2

1   Constitution and laws of the United States." *Johnson v. Knowles*, 113 F.3d 1114,

2   1117 (9th Cir.) (citation omitted), *cert. denied*, 522 U.S. 996 (1997).

3   A court may dismiss a claim upon a motion of the defendants or on its own

4   pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief

5   can be granted." *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). "Fed. R.

6   Civ. P. 8(a)(2) requires only a short and plain statement of the claim showing that

7   the pleader is entitled to relief. Specific facts are not necessary; the statement

8   need only give the defendant fair notice of what the . . . claim is and the grounds

9   upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d

10   1081 (2007) (per curiam) (citations and internal quotation marks omitted).

11   "Factual allegations must be enough to raise a right to relief above the

12   speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167

13   L.Ed. 2d 929 (2007).

14   In reviewing a complaint under this standard, the court must accept as true

15   the allegations of the complaint and construe the pleading in the light most

16   favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct.

17   1843, 23 L. Ed. 2d 404 (1969). However, the "court is not required to accept

18   legal conclusions cast in the form of factual allegations if those conclusions

19   cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness

20   Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citations omitted).

21   In a pro se civil rights case, the complaint must be construed liberally to

22   afford the plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police

23   Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *see Erickson*, 127 S. Ct. at 2200 ("[A]

24   pro se complaint, however, inartfully pleaded, must be held to less stringent

25   standards than formal pleadings drafted by lawyers") (citation and internal

26   quotation marks omitted). Before dismissing a pro se civil rights complaint for

27   failure to state a claim, the plaintiff should be given a statement of the complaint's

28   deficiencies and an opportunity to cure them unless it is absolutely clear the

3

1  deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623-24;

2  *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

3  **IV.**

4  **DISCUSSION**

5  **A.**   **Retaliation Standard**

6  Prisoners have a First Amendment right to file prison grievances. *Rhodes*

7  *v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Retaliatory action taken by

8  prison officials against a prisoner for having exercised this right violates the

9  Constitution. *Id.* A retaliation claim has "five basic elements: (1) An assertion

10 that a state actor took some adverse action against an inmate (2) because of (3)

11 that prisoner's protected conduct, and that such action (4) chilled the inmate's

12 exercise of his First Amendment rights, and (5) the action did not reasonably

13 advance a legitimate correctional goal." *Id.* at 567-68 (citation and footnote

14 omitted).

15 **B.**   **Analysis**

16 **1.**   **Retaliatory Act**

17 Defendants first contend that Plaintiff has not adequately pled the first

18 element. (MTD at 6.) In support, Defendants argue that Plaintiff's allegation that

19 the entrees were removed because of his grievance is conclusory. (*Id.*)

20 Plaintiff alleges he filed his grievance on January 22, 2006. (SAC at Claim

21 #1 at 1.) He further alleges that "[s]hortly before or on February 16, 2006," the

22 alternate entrees were removed. (*Id.*); *see Pratt v. Rowland*, 65 F.3d 802, 808

23 (9th Cir. 1995) ("[T]iming can properly be considered as circumstantial evidence

24 of retaliatory intent") (citation omitted).[1] Defendants' argument that these

25 allegations are too conclusory is without merit. *See Erickson*, 127 S. Ct. at 2200

26 

———————————

27 [1]   Defendants' argument that Plaintiff "admits" that the food staff told him that the entree removal wasn't done in retaliation is misguided. (MTD at 6.) Plaintiff *acknowledges* what he has been told. That acknowledgment is not an *admission* as to the truth of the statement.

28 

4

("The case cannot, however, be dismissed on the ground that petitioner's allegations of harm were too conclusory to put these matters in issue.").

Defendant's argument that Plaintiff has failed to plead the absence of a legitimate correctional goal is also meritless. (MTD at 5.) Plaintiff must allege that the "retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) (citation omitted); *see Pratt*, 65 F.3d at 806 ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains."). Dismissal may be "warranted if there was no factual support for the allegations or the factual support was contradicted by facts that the court could notice or that were apparent in the record." *Rizzo*, 778 F.2d at 532 n.4.

Here, Plaintiff alleges that Defendants' conduct was done in retaliation and not to advance legitimate penological goals, and was not narrowly tailored to achieve any legitimate goals. (SAC at 5.) Plaintiff alleges that Defendants' asserted justification for the removal of entree items is a pretext and contradictory. (*Id.*) Plaintiff's allegation is sufficient to defeat a motion to dismiss. *Rizzo*, 778 F.2d at 532 & n.4 (allegation that defendants' actions were retaliatory and arbitrary is sufficient on a motion to dismiss); *see Rhodes*, 408 F.3d at 567 & n.11.

### 2.    Causation

Defendants argue that Plaintiff has not alleged any factual connection between Defendants and the removal of the entrees. (MTD at 7.) However, Plaintiff sufficiently alleged that Defendants, the food manager and the assistant food manager of the prison, removed the entrees from the menu. (SAC at Claim #1.) Although Defendants argue that removal of the entrees was done based on the state mandated menu (MTD at 8), Plaintiff alleges that the removal of entrees was in retaliation for his exercise of First Amendment rights. Plaintiff further

1 alleges that Defendants' justification is a pretext.  According to the SAC, fish and

2 boca burgers were on the prison menu after the date of the state mandated

3 menu, and were returned to the prison menu after six months.  (SAC at 5 and

4 subsequent page; SAC, Claim # 1 at ¶¶ 7-10; SAC Exh. F.)  Plaintiff's allegations

5 are sufficient to withstand a motion to dismiss.  *See Rhodes*, 408 F.3d at 568

6 (allegation that threat of retaliatory transfer was made because inmate exercised

7 First Amendment rights is sufficient).

8 ### 3.    Injury

9 Defendants' contention that Plaintiff is not entitled to relief because he fails

10 to allege any "compensable injury" is without merit.  (MTD at 9.)  Plaintiff alleges

11 injury from the retaliatory removal of certain entrees from the prison menu for

12 apparently six months in response to his exercise of First Amendment rights.

13 (SAC at 5 and subsequent pages.)  Plaintiff has sufficiently alleged injury.  *See*

14 *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) (allegation of retaliatory ten-

15 day confinement and loss of television in response to grievances sufficiently

16 alleges injury), *cert. denied*, 524 U.S. 936 (1998); *see also Oliver v. Keller*, 289

17 F.3d 623, 629-30 (9th Cir. 2002) (nominal damages, even if not expressly

18 requested, compensatory and punitive damages for violation of constitutional

19 rights not barred by 42 U.S.C. § 1997e(e)); *Cannell v. Lightner*, 143 F.3d 1210,

20 1213 (9th Cir. 1998) ("The deprivation of First Amendment rights entitles a

21 plaintiff to judicial relief wholly aside from any physical injury he can show, or any

22 mental or emotional injury he may have incurred.").

23 ### 4.    Punitive Damages

24 Defendants also contend that Plaintiff has insufficiently pled any

25 entitlement to punitive damages.  (MTD at 10.)  A plaintiff may seek punitive

26 damages when an official's "conduct is shown to be motivated by evil motive or

27 intent, or when it involves reckless or callous indifference to the federally

28 protected rights of others."  *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625, 75

1  L. Ed. 2d 632 (1983); *Dang v. Cross*, 422 F.3d 800, 809-10 (9th Cir. 2005).  At

2  this stage of the proceedings, Plaintiff has sufficiently stated a claim for punitive

3  damages.  *Cf. Dubner v. City & County of San Francisco*, 266 F.3d 959, 969 (9th

4  Cir. 2001) (insufficient evidence to support allegation of punitive damages on

5  summary judgment).

6  　　　　　　**5.　Qualified Immunity**

7  　　　A motion to dismiss on qualified immunity grounds "puts the court in the

8  difficult position of deciding 'far-reaching constitutional questions on a nonexistent

9  factual record.'" *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007) (citation

10 omitted).  Here, Plaintiff alleges retaliation for exercising his right to file

11 grievances in violation of the First Amendment.  *Bradley v. Hall*, 64 F.3d 1276,

12 1279 (9th Cir. 1995) (filing grievances is protected by First Amendment).  "[T]he

13 prohibition against retaliatory punishment is 'clearly established law' in the Ninth

14 Circuit, for qualified immunity purposes." *Hydrick*, 500 F.3d at 991 (citation

15 omitted).  Where, as here, a plaintiff may be able to prove, consistent with his

16 allegations, that he was punished in retaliation for exercising his First Amendment

17 right to file grievances, his claim should not be dismissed at the Fed. R. Civ. P.

18 12(b)(6) stage.  *Id.*

19 　　　　　　　　　　　　　　　**V.**

20 　　　　　　　　　　　　**RECOMMENDATION**

21 　　　For the reasons discussed above, it is recommended that the District Court

22 issue an Order (1) adopting this Report and Recommendation; and (2) directing

23 that Defendants' motion to dismiss the Second Amended Complaint be denied.

24

25

26 DATED:  April 29, 2008　　　　　　　　*Alicia G. Rosenberg*

27 　　　　　　　　　　　　　　　ALICIA G. ROSENBERG
　　　　　　　　　　　　　　　United States Magistrate Judge

28

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.